### In the Matter of Daniel S. KELLY, Respondent.

#### No. 49S00–0906–DI–263.

Supreme Court of Indiana.

Dec. 3, 2009.

*PUBLISHED ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE*

Upon review of the report of the hearing officer, the Honorable David A. Shaheed, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** After the Commission was unable to serve its verified complaint on Respondent at his address on the Roll of Attorneys, constructive service was made on him pursuant to Admis. Disc. R. 23(12)(h). Respondent did not appear or respond to the complaint. Accordingly, the hearing officer took the following facts alleged in the complaint as true. *See* Admis. Disc. R. 23(14)(c).

*Count 1.* In 2005, Client 1 paid Respondent $2,500 to represent her in a criminal matter. Respondent failed to communicate with Client 1, failed to appear at a bench trial, could not be located for service of an order to appear and show cause, and failed to comply with this order and a subsequent order to appear and show cause. Substitute counsel eventually appeared for Client 1.

*Count 2.* Client 2 paid Respondent an initial retainer of $500 to represent him in a criminal matter. In 2005 and 2006, Respondent failed to communicate with Client 2, attended only three of ten status

conferences in the case, and arranged for other counsel to appear for Client 2 at the other status conferences without Client 2's consent.

When representing Clients 1 and 2, Respondent was suffering from depression and substance abuse and was aware his professional abilities were impaired.

*Facts in aggravation.* (1) There is no evidence Respondent made restitution to Client 1; and (2) Respondent failed to cooperate in this disciplinary proceeding.

**Violations:** The Court finds that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.3: Failure to act with reasonable diligence and promptness.

1.4(a)(1): Failure to promptly inform a client of any decision or circumstance with respect to which the client's informed consent is required.

1.4(a)(3): Failure to keep a client reasonably informed about the status of a matter.

1.4(a)(4): Failure to comply promptly with a client's reasonable requests for information.

1.4(b): Failure to explain a matter to the extent reasonably necessary to permit a client to make informed decisions.

1.6(a): Revealing information relating to representation of a client without the client's informed consent.

1.16(a)(2): Representation of a client when the lawyer's physical or mental condition materially impairs the lawyer's ability to do so.

3.2: Failure to expedite litigation consistent with the interests of a client.

8.4(d): Engaging in conduct prejudicial to the administration of justice (by failing to appear at hearings and causing the issuance of show cause orders).

**Discipline:** It appears that Respondent's misconduct may have been caused in part by depression and substance abuse. However, "[c]lients are entitled to protection regardless of a lawyer's personal condition." *Matter of Stanko,* 849 N.E.2d 1143, 1144 (Ind.2006). Moreover, Respondent has provided no information concerning any steps he may have taken to address his problems.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than six months, without automatic reinstatement, beginning January 15, 2010.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4). If reinstatement is sought, it would likely be granted only with the involvement of the Indiana Judges and Lawyers Assistance Program.

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

All Justices concur.